# MALCOM v. RICHARDS.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; TESTS.

1. In an interference the uncorroborated testimony of the junior party of a reduction to practice of the invention of the issue is insufficient to overcome the prior filing date of his adversary. (Following *Sharer* v. *McHenry*, 19 App. D. C. 158; *Petrie* v. *De Schweinitz*, 19 App. D. C. 386; and *Flora* v. *Powrie*, 23 App. D. C. 195.)

2. Successful actual reduction to practice generally requires a test under actual working conditions. (Following *Sherwood* v. *Drewson*, 29 App. D. C. 161; and *Wickers* v. *McKee*, 29 App. D. C. 4.)

3. Where all the tribunals of the Patent Office concur upon a question of fact, this court will not disturb the finding except for palpable error. (Citing *Lindmark* v. *Hodgkinson*, 31 App. D. C. 612; *Murphy* v. *Meissner*, 24 App. D. C. 260; *Stone* v. *Pupin*, 19 App. D. C. 396; and *Podlesak* v. *McInnerney*, 26 App. D. C. 399.)

No. 1144.   Patent Appeals.   Submitted March 11, 1918.   Decided April 1, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. T. K. Bryant* and *Miss Florence King* for the appellant.

*Mr. Ellis Spear, Jr.,* and *Mr. William F. Hall* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The invention covered by this appeal may be shortly described as a light absorbing member to be attached by means of a suction cup to an automobile for the purpose of protecting the eyes of a motorist from the glare of the lights of an approaching car. There are four counts of the issue. It appears that John

J. Richards conceived the invention about July, 1914, and constructively reduced it to practice in October of the same year by filing his application in the Patent Office. His date of conception is conceded by Robert Malcom, and there is, of course, no dispute about the filing date. He was diligent from the beginning. This, if not admitted, is not seriously denied by his opponent.

Malcom offered testimony tending to show that he conceived counts 1 and 3 in the spring of 1914, but he failed to establish actual reduction to practice prior to 1915. Under the law his own testimony on this point must be corroborated. *Sharer* v. *McHenry,* 19 App. D. C. 158; *Patrie* v. *De Schweinitz,* 19 App. D. C. 386; *Flora* v. *Powrie,* 23 App. D. C. 195. He relies upon one Dietrich to supply the corroboration. All that Dietrich says is that some time about January or February, 1914, Malcom handed to him some shields and asked him "what he thought of them," and that Malcom said, "It was a dimmer for a light;" that he stuck it on the window, and that "it had a little rubber attached to it." When asked how Malcom stuck it on the window, the witness replied: "I do not know just exactly * * * I did not look at it very closely, but he stuck it on the window and there it was. I suppose it was round." Assume that the device he was speaking about was the one involved in this interference, the sticking of it upon a window by some means unknown to the witness was not a reduction to practice. It might stick to a window, but not to the windshield of an automobile in motion, where the jar of the machine might seriously affect its adhesiveness. In other words, what would stick to a window at rest might not adhere to a windshield in motion. To establish successful reduction to practice generally requires a test under actual working conditions. *Sherwood* v. *Drewson,* 29 App. D. C. 161; *Wickers* v. *McKee,* 29 App. D. C. 4.

Malcom's constructive reduction to practice by filing his application in the Patent Office in October, 1915, avails him nothing; for he failed to show by anyone outside of himself that he had been at all diligent between the date on which he claims conception in 1914 and the filing of the application.

With respect to counts 2 and 4, Malcom did not prove that they were conceived by him prior to the date upon which he filed his application in October, 1915, about fifteen months after Richard's conception and a year subsequent to his constructive reduction to practice.

Therefore the record considered independently of the holdings of the different tribunals below would compel us to award priority to Richards as to all the counts. But, even if this were not so, it would be our duty to affirm the decision of the Commissioner of Patents; since it is the law, often stated by this court, that where all the tribunals of the Patent Office concur upon a question of fact, we will not disturb the finding except for palpable error. *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612; *Murphy* v. *Meissner,* 24 App. D. C. 260; *Stone* v. *Pupin,* 19 App. D. C. 396; *Podlesak* v. *McInnerney,* 26 App. D. C. 399.

Malcom in his very carefully prepared brief invites our attention to many decisions. We have considered them all, but find nothing inconsistent with the conclusions we have reached. The dominant question here is one of fact. The law applicable is well settled.

The decision of the Commissioner of Patents must be affirmed.                    *Affirmed.*

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this case, in the place of Mr. Justice Robb.